By the Court. Pierrepont, J.
—That the defendants received the vessel and discharged the cargo is admitted; that the vessel was detained some eighteen days longer than was necessary, if the consignees had chosen to pay the duties, is proven beyond dispute.
The charter says:
“ The said vessel shall make a true and faithful delivery of the cargo, according to custom, and the bills of lading.
“ The cargo shall be taken in and discharged according to custom of the respective ports of loading and discharging. * *
“ After the expiration of which time demurrage shall be paid at the rate of fifty dollars for each and every day.”
The evidence is clear, that if the vessel had been discharged according to the custom of the port of New York, the delay for which demurrage is claimed, would not have taken place.
We think the verdict warranted by the evidence; and that the refusal to charge as requested, was not error.
The defendants however insist, that as Hamel & Co., and • not the defendants, are named in the charter party, that the defendants are not liable.
The defendants received the cargo, and it has long been the settled law that such "consignee, (as these defendants,) is liable for the freight. When he accepts and receives the property, he makes himself a party to the contract; and he takes the cargo and becomes liable as a contractor in the original obligation. (Merian v. Funck, 4 Denio, 114 ; Cock v. Taylor, 13 East. 399; Trask v. Duval, 4 Wash. C. C. R. 184; N. Y. and H. S. Co. v. Young, 3 E. D. Smith, 187 ; Abbott on Shipping, 310, and cases.)
The defendants received the goods, the charter party, and the bills of lading; they knew all the burdens with which the cargo was charged when they accepted it, and we think the judgment ought to be affirmed with costs.
Affirmed accordingly.*

 See Clendaniel v. Tuckerman,17 Barb. 184, and Parson’s Merc. Law, 362. note (4;) and 364, note (1 ;) and Dibble et. al. v. Corbett et. al. 5 Bosw. 202.